UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER RENDZIPERIS and
NICOLE GALLIFORD,

      Plaintiffs,

v.                                    Case No:  2:25-cv-1027-JES-DNF

RAVENNA AT PELICAN MARSH
COMMONS
ASSOCIATION, INC.; TONJA
DAHM,
in her individual capacity
and official capacity;
RESORT MANAGEMENT, INC.;
PHILIPPE GABART,
in his individual capacity
and official capacity;
JOHN DOE BOARD MEMBER (to be
Identified in discovery);
JOHN DOE HOA ATTORNEY (to be
identified in discovery),

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of the Omnibus Motion to Dismiss Plaintiffs' Complaint (Doc. #6) filed by Defendants on December 9, 2025.  Plaintiffs filed a Response in Opposition (Doc. #11) on December 23, 2025.  For the reasons set forth below, Defendants' motion is granted and the Complaint (Doc. #1) will be dismissed without prejudice as a shotgun pleading.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings are improper in that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1294 (11th Cir. 2018). Although courts in the Eleventh Circuit are instructed to construe pro se pleadings liberally, see Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003), courts nevertheless "have little tolerance for shotgun pleadings." Vibe Micro, 878 F.3d at 1295.

Specific to this case, the Eleventh Circuit has condemned the assertion of "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1323. Counts II, III, IV, and V of Plaintiffs' Complaint assert claims against multiple defendants but do not specify which of the defendants committed each individual action.

The Eleventh Circuit has also condemned complaints that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The Court agrees with Defendants that the Complaint falls short of federal pleading standards by

2

relying "heavily on conclusory assertions of wrongdoing against the Defendants generally without describing the actual underlying conduct." (Doc. #6 at p. 6.)

Accordingly, it is now

**ORDERED**:

1. Defendants' Motion to Dismiss (Doc. #6) is **GRANTED.**

2. The Complaint is **DISMISSED without prejudice** to refile an Amended Complaint within 21 days.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of February 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

3