**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**CHRISTOPHER RENDZIPERIS**
and **NICOLE GALLIFORD,**

    Plaintiffs,

v.                                  Case No. 2:25-cv-1027-JES-KRH

**RAVENNA at PELICAN MARSH**
**COMMONS ASSOCIATIONS,**
**INC., TONJA DAHM, RESORT**
**MANAGEMENT, INC., PHILIPPE**
**GABART,** and **JOHN DOE,**

    Defendants.

_____/

## ORDER

At issue are several motions filed by Plaintiffs. The Motions are Plaintiffs' (1) Motion to Amend (Doc. 37); (2) Motion for Leave to a File Response in Opposition to Defendants' Motion to Dismiss and for Consideration of Plaintiffs' Pending Motion for Leave to File Second Amended Complaint (Doc. 52); and (3) Motion for Leave to File a Reply (Doc. 55).

### 1.    Plaintiffs' Motion to Amend (Doc. 37)

Generally, courts are more liberal with granting a party leave to amend early in litigation. *See* Fed. R. Civ. P 15(a)(2). Notably, "an amendment to the pleadings pursuant to Federal Rule of Civil Procedure 15(a) encompasses facts or legal claims in existence at the time the original pleading was filed." *Manning v. Auburn*, 953 F.2d 1355, 1360 n.8 (11th Cir. 1992). In contrast, under Rule 15(d), "a plaintiff may

seek to add additional claims under federal law to his original complaint. . . . Rule 15(d) is intended to bring a controversy up to date through the presentation of subsequent matters related to the claim presented in the original pleading." *Stoecklin v. United States*, No. 89-182-civ-Oc-16, 1997 WL 1039239, at *1 (M.D. Fla. Sep. 19, 1997). Put another way, "A supplemental pleading is an appropriate vehicle by which to set forth new facts in order to update the earlier pleading." *Manning*, 953 F.2d at 1359-60 (cleaned up). Courts have broad discretion to allow supplements to a pleading even if the original pleading is defective. Fed. R. Civ. P. 15(d) & advisory committee note to 1963 amendment.

Here, Plaintiffs seek to amend their complaint a second time to add an additional Defendant, Cecelia English, and "additional post-filing facts" under Rule 15(a)(2). (Doc. 37 at 1-2). Plaintiffs filed their first Amended Complaint in March. (Doc. 21). Yet the Motion seeks to add alleged events that occurred in April and May—which of course arose after Plaintiffs filed the Amended Complaint. (Doc. 37 at 6-9). So Rule 15(a)(2) doesn't apply.

Nevertheless, the Court liberally construes this Motion as seeking to supplement Plaintiffs' First Amended Complaint under Rule 15(d). In doing so, the Court exercises its broad discretion to grant leave to supplement the Amended Complaint to add Cecelia English and the additional post-filing allegations. Plaintiffs must file their Second Amended Complaint by July 6.

**2.      Plaintiffs' Motion for Leave to File Response (Doc. 52)**

Best the Court can tell, the Motion is partially unopposed given Plaintiffs'

2

representation that "Defendants did not object to Plaintiffs seeking leave to address Defendants' Motion to Dismiss." (Doc. 52 at 4). At the Rule 16(b) Conference on June 3, the Court advised Defendants that any response would be due three days after a motion for leave to respond late. (Doc. 43). Plaintiffs filed this Motion on June 16, but Defendants did not respond.

To that end, Plaintiffs' Motion is granted **only** to the extent that Plaintiffs seek an extension of time to file a response to Defendants' Motion to Dismiss (Doc. 22). As to the portion of Plaintiffs' Motion requesting the Court to consider Plaintiffs' Motion to Amend, that portion of the Motion is denied as moot given the ruling above. In all other respects, this Motion is denied. Plaintiffs must file their response to Defendants' Motion to Dismiss by July 6.

### 3.    Plaintiffs' Motion for Leave to File a Reply (Doc. 55)

This issue needs little analysis. Plaintiffs' Motion for Leave to File a Reply to Defendants' Opposition is denied as moot considering the ruling above.

**ORDERED:**

1.    Plaintiffs' Motion to Amend their Amended Complaint (Doc. 37) is **GRANTED as construed**.

    a.    Plaintiffs must supplement their First Amended Complaint to add Cecelia English as a Defendant and the additional post-filing allegations as stated in their Motion to Amend.

    b.    Plaintiffs must separately **FILE** their Second Amended Complaint by **July 6**.

2.    Plaintiffs' Motion for Leave to File Response in Opposition to Defendants' Motion to Dismiss and for Consideration of Plaintiffs' Pending Motion for Leave to File Second Amended Complaint (Doc. 52) is **GRANTED and DENIED in part**.

      a.    As to leave to file a response to Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 22), the Motion is **GRANTED**.

      b.    Plaintiffs must separately **FILE** their response to Defendants' Motion to Dismiss Plaintiffs' Amended Complaint by **July 6**.

      c.    Otherwise, the Motion is **DENIED as moot**.

3.    Plaintiffs' Motion for Leave to File a Reply to Defendants' Opposition of Plaintiffs' Motion to Amend Plaintiffs' Amended Complaint (Doc. 55) is **DENIED as moot**.

In Fort Myers, Florida, on June 25, 2026.

 

Kevin R. Huguelet
United States Magistrate Judge

4