UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER RENDZIPERIS and NICOLE GALLIFORD,

Plaintiffs,

v. Case No: 2:25-cv-1027-SPC-KRH

RAVENNA AT PELICAN MARSH COMMONS ASSOCIATION, INC.; TONJA DAHM, in her individual capacity and official capacity; RESORT MANAGEMENT, INC.; PHILIPPE GABART, in his individual capacity and official capacity; and Cecilia English.

Defendants.

---

## **OPINION AND ORDER**

Before the Court is the Motion to Dismiss (Doc. 64) filed by Defendants Ravenna at Pelican Marsh Commons Association, Inc. ("Ravenna"), Tonja Dahm, Resort Management, Inc., and Philippe Gabart (collectively Defendants"). Plaintiffs Christopher Rendziperis and Nichole Galliford oppose. (Doc. 68).[1]

[1] This Order substantially mimics an order previously entered within this case (*see* Doc. 19).

Plaintiffs co-own a dwelling in Naples, Florida. (Doc. 60 ¶¶ 10, 12). In 2025, Plaintiffs allowed a guest and minor child with disability-related emotional support animals (ESAs) to stay at the Property. (*Id.* ¶ 36). After Defendants "demanded disability-related ESA documentation" from Plaintiffs' guest as a condition of allowing their continued stay, Plaintiffs provided documentation related to the guest's disability. (*Id.* ¶¶ 44–45). According to Plaintiffs, Defendants "disclosed, discussed, or allowed disclosure of the existence of the disability-related documentation to neighbors, owners, board members, and/or others who had no legitimate need for that information" and "used or allowed [the information]" to be "used in a manner that stigmatized Plaintiffs' household and escalated hostility." (*Id.* ¶ 47).

Plaintiff Christopher Rendziperis is diagnosed with autism spectrum disorder (ASD). Plaintiffs further allege that Defendants "made derogatory comments [to Christopher and others] about Christopher's disability and questioned whether he 'would be a good fit for the community.'" (*Id.* ¶ 33).

On November 12, 2025, Plaintiffs brought the instant suit in Federal Court against Defendants (Doc. 1). The operative pleading raises claims under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601–19, for Disability Discrimination and retaliation. (Doc. 60 at 23–27). Defendants move to dismiss all claims for various reasons. However, having reviewed the

Complaint (Doc. 60) and the instant Motion to Dismiss (Doc. 64), the Court finds it need only address the shotgun pleading argument.

The Second Amended Complaint is a shotgun pleading. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, Rule 10(b) requires a party to state his "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A complaint that violates either of these rules is referred to as a shotgun pleading. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1295 (11th Cir. 2018).

The Eleventh Circuit has identified four types of shotgun pleadings: (1) complaints "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) complaints that do not "separat[e] into a different count each cause of action or claim for relief"; and (4) complaints that "assert[ ] multiple claims against multiple defendants without specifying which of the defendants are

responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23.

Plaintiffs' Second Amended Complaint is the first type of shotgun pleading. Both Counts I and II begin by realleging all prior paragraphs. (Doc. 60 at ¶¶ 108, 121). "The problem with a complaint like this is that it forces the court and defendants to guess what conduct the counts are referring to because the answer is always 'everything that the plaintiff has previously mentioned anywhere in the complaint.'" *United States ex rel. Musachia v. Pernix Therapeutics, LLC*, No. 2:18-CV-01445-RDP, 2020 WL 13564486, at *3 (N.D. Ala. Sept. 30, 2020) (quoting *United States ex rel. Wallace v. Exactech, Inc.*, 2020 WL 4500493, at *8 (N.D. Ala. Aug. 5, 2020)). Although incorporating previously alleged factual allegations into a subsequent count does not inherently make a complaint a shotgun pleading, rolling large swaths of allegations into successive counts "down the line" does. *Id.*

Plaintiffs' Second Amended Complaint also falls into the second type of shotgun pleading because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1321. For example, Plaintiffs repeatedly allege that Defendants "created a hostile, intimidating, and retaliatory housing environment," (*see* Doc. 60 ¶ 101), without ever explaining to Defendants or the Court what conduct created such an environment. Although Plaintiffs' Second Amended

Complaint includes a subsection entitled "specific adverse housing actions," these allegations do little work to aid the Court in connecting how exactly Plaintiffs' rights under the FHA were abridged.

The Court recognizes that pro se pleadings are to be construed liberally and held to a less stringent standard than those drafted by attorneys. *Arrington v. Green*, 757 Fed. App'x 796, 797 (11th Cir. 2018). But shotgun pleadings are "altogether unacceptable" in light of the "intolerable toll" the enact on a trial court's docket. *Shed v. Univ. of S. Florida Bd. of Trustees*, No. 8:22-CV-1327-KKM-TGW, 2022 WL 2872296, at *2 (M.D. Fla. July 21, 2022) (internal citations omitted).

The Court previously warned Plaintiffs that their complaint was a shotgun pleading because it indiscriminately asserted multiple claims against multiple defendants and relied heavily on conclusory allegations of wrongdoing. (Doc. 19 at 2–3). And the Second Amended Complaint does not cure the deficiencies. In fact, it adds yet another type of shotgun pleading, in which each count incorporates facts pled in a previous count. The proper course of action is to dismiss Plaintiffs' Second Amended Complaint with prejudice. *See Barmapov v. Amuial,* 986 F.3d 1321, 1326 (11th Cir. 2021) (holding that district court did not abuse its discretion in dismissing plaintiff's seconded amended complaint with prejudice on shotgun pleading grounds after it had already given plaintiff an opportunity to amend); *Jackson v. Bank of*

*Am., N.A.,* 898 F.3d 1348, 1356 (11th Cir. 2018) (explaining that it would not be an abuse of discretion for the district court to dismiss amended complaint with prejudice on shotgun pleading grounds without further addressing the merits).

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 64) is **GRANTED.**
2. The Second Amended Complaint (Doc. 60) is **DISMISSED with prejudice**.
3. The Clerk is DIRECTED to enter judgment for Defendants, deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE AND ORDERED** at Fort Myers, Florida on August 14, 2026.

Sheri Polster Chappell
**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies: Parties of record