UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER RENDZIPERIS and NICOLE GALLIFORD,

Plaintiffs,

v. Case No: 2:25-cv-1027-SPC-KRH

RAVENNA AT PELICAN MARSH COMMONS ASSOCIATION, INC.; TONJA DAHM, in her individual capacity and official capacity; RESORT MANAGEMENT, INC.; PHILIPPE GABART, in his individual capacity and official capacity; and Cecilia English.

Defendants.

---

## **OPINION AND ORDER**

Before the Court is the Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e), Vacate Dismissal with Prejudice, Reopen the Action, and Permit Limited Repleader (Doc. 90) filed by Plaintiffs Christopher Rendziperis and Nichole Galliford. Defendants Ravenna at Pelican Marsh Commons Association, Inc. ("Ravenna"), Tonja Dahm, Resort Management, Inc., and

Philippe Gabart (collectively "Defendants") did not file a Response. For the below reasons, Plaintiffs' motion is denied.

## BACKGROUND

In 2025, Plaintiffs allowed a guest and minor child with disability-related emotional support animals (ESAs) to stay at their condominium in Naples, Florida ("the Property"). (Doc. 60 ¶ 36). After Plaintiffs provided disability-related documentation, as requested by Defendants, Plaintiffs allege that Defendants disclosed the disability-related documentation and information to Board Members and other neighbors without a legitimate purpose. (*Id.* ¶ 47). Additionally, Plaintiffs allege that Defendants "made derogatory comments [to Plaintiff Christopher Rendziperis and others] about Christopher's disability and questioned whether he 'would be a good fit for the community.'" (*Id.* ¶ 33).

On November 12, 2025, Plaintiffs brought claims against Defendants for disability discrimination and retaliation under the Fair Housing Act ("FHA") (Doc. 1). On, February 19, 2026, the Court dismissed Plaintiffs' complaint with leave to amend on shotgun pleading grounds because it indiscriminately asserted multiple claims against multiple defendants and relied heavily on conclusory allegations of wrongdoing. (Doc. 19 at 2–3). On July 6, 2026, a second amended complaint was filed with leave of Court. (Doc. 60). But, after

finding that Plaintiffs' second amended complaint still contained pleading deficiencies, the Court dismissed the case with prejudice on August 14, 2026. (Doc. 80). Plaintiffs now ask the Court to reconsider its dismissal with prejudice "to cure any remaining deficiency, and . . . reach the substantive FHA grounds." (Doc. 90 at 3).

## LEGAL STANDARD

Rule 59(e) affords a district court the power to alter or amend a judgment after entry. *Aldabe v. Intact Ins. Group USA, LLC*, No. 3:25-CV-00166-CRK-MCR, 2026 WL 982780, at *1 (M.D. Fla. Apr. 13, 2026) (internal citations omitted). Rule 59(e)'s only grounds for altering or amending a judgment are "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2009) (citation and internal quotation marks omitted). Rule 59(e) is an extraordinary remedy that should only be used sparingly. *Id.* It does not permit a party to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

## DISCUSSION

In their motion, Plaintiffs do not ask that the Court reconsider its order dismissing the case wholesale. Instead, they "seek narrower relief." (Doc. 90

at 3). "They ask the Court to reconsider dismissal with prejudice[,]" because the order "rested exclusively on pleading structure." (*Id.*)

Plaintiffs argue that the Court should vacate its dismissal order for several reasons. First, as Plaintiffs see it, reconsideration is warranted because the Order identified as one of its reasons for dismissal the fact that Counts I and II of Plaintiffs' complaint began by realleging all prior paragraphs. (Doc. 80 at 4 (citing Doc. 60 at ¶¶ 108, 121)). In other words, the complaint fell into the first category of prohibited shotgun pleadings under *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015). According to Plaintiffs, this was not a problem identified by the Court in its first dismissal order (*see* Doc. 19). Plaintiffs assert they otherwise "attempted to address the deficiencies previously identified" in that order, and they assert that they should be granted another chance to amend their complaint. (Doc. 90 at 5–6).

But this was only one of the grounds upon which the Court rested to dismiss the case with prejudice. The Court also found that the second amended complaint fell into the second type of shotgun pleading because it was "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." (Doc. 80 at 4 (quoting *Weiland*, 792 F.3d at 1321)). In its initial dismissal order, the Court warned Plaintiffs that their complaint

suffered the very same deficiency (Doc. 19 at 2–3), Plaintiffs were granted an opportunity to cure that deficiency (Doc. 21), and yet their amended complaint still failed to meet this most basic pleading standard.

As the Court previously explained, where a litigant files a shotgun pleading, a district court "must give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." *Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021) (citing *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018)). Here, Plaintiffs were afforded one chance to file a properly pled complaint and failed to do so. Accordingly, the Court finds that it did not commit a manifest error of law in dismissing Plaintiffs' case with prejudice. To the extent Plaintiffs assert that the Court erred in not reaching their substantive FHA arguments, the Court is not persuaded for the same reason.

Plaintiffs next assert that reconsideration of the Court's dismissal order is warranted because "[t]hey expressly informed the Court that they were willing to correct any remaining pleading defect[,]" in their opposition to Defendants' Motion to Dismiss. (Doc. 90 at 8). Because this is neither newly-discovered evidence or a manifest error of law or fact, reconsideration under Rule 59(e) is not warranted on this ground.

Plaintiffs further assert that the Court should vacate its dismissal order because their amended complaint reflected an "attempt" to cure the earlier pleading deficiencies identified in the original dismissal order (Doc. 90 at 9–10), and that they have demonstrated that their pleading deficiencies are "curable." (*Id.* at 12). Although the Court recognizes that Plaintiffs may or may not have put forth effort to present a compliant pleading, it nevertheless determined that the second amended complaint still failed to meet the requisite standards under Federal Rules of Civil Procedure 8 and 10. As previously stated, shotgun pleadings are "altogether unacceptable" in the Eleventh Circuit in light of the "intolerable toll" they enact on a trial court's docket. *Shed v. Univ. of S. Florida Bd. of Trustees*, No. 8:22-CV-1327-KKM-TGW, 2022 WL 2872296, at *2 (M.D. Fla. July 21, 2022) (internal citations omitted).

Plaintiffs next argue that the dismissal order must be vacated because the Court erroneously cited the wrong order as their opposition to the Motion to Dismiss. (Doc. 90 at 8). The Court finds that this citation error is not steep enough to constitute a manifest error of law or fact warranting relief as required under Rule 59(e). *See* Fed. R. Civ. P. 59(e).

Finally, Plaintiffs argue that reconsideration is warranted because "maintaining a dismissal with prejudice based exclusively upon curable

pleading structure would produce manifest injustice and the narrower remedy is to reopen the judgment for one controlled repleader." (Doc. 90 at 14). Once again, the proper course of action where the Court has already given a plaintiff the opportunity to amend his or her complaint is to dismiss the amended complaint with prejudice. *See Barmapov*, 986 F.3d at 1326 (holding that district court did not abuse its discretion in dismissing plaintiff's seconded amended complaint with prejudice on shotgun pleading grounds after it had already given plaintiff an opportunity to amend); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) (explaining that it would not be an abuse of discretion for the district court to dismiss amended complaint with prejudice on shotgun pleading grounds without further addressing the merits). In any event, Rule 59(e)'s only grounds for altering or amending a judgment are "newly-discovered evidence or manifest errors of law or fact." *Arthur*, 500 F.3d at 1343 (11th Cir. 2009). These grounds have not been shown.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e), Vacate Dismissal with Prejudice, Reopen the Action, and Permit Limited Repleader (Doc. 90) **DENIED.**

2. Plaintiff's OBJECTION under Fed. R. Civ. P. (a) to the Magistrate Judge's August 7, 2026, Order and to Extent Necessary, Alternative Request Under FED. R. Civ. P. 6(b)(1)(B) (Doc. 89) is **DENIED as moot.**

**DONE AND ORDERED** at Fort Myers, Florida on September 18, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Parties of record